770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HUGH JOHN RICHARDS AND PEGGY WILLIAMS RICHARDS, PLAINTIFF-APPELLANTS,
v.
SWINEBROAD AND DENTON AUCTIONEERS; INDIANA GRAIN QUEEN CITY
RIVER ELEVATORS DIVISION OF INDIANA FARM BUREAU COOPERATIVE
ASSOCIATES, INC.; FIRST FARMER'S BANK AND TRUST COMPANY;
EQUITABLE LIFE ASSURANCE SOCIETY; I.R. HICKS; CONVINGTON
BANK AND TRUST COMPANY,DEFENDANTS-APPELLEES,
LARRY LAURENCE; J.L. AND PATTY S. DAVIS; FARMER'S STATE
BANK; HUGH M. RICHARDS, INTERVENORS-APPELLEES.
 NO. 84-5896
 United States Court of Appeals, Sixth Circuit.
 7/3/85
 
 E.D.Ky.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: CONTIE and MILBURN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Hugh John and Peggy Williams Richards ('debtors') appeal from the district court's order dismissing, as moot, their appeal from the bankruptcy court. For the reasons that follow, we affirm.
 
 I.
 
 2
 Debtors, who owned a farm of approximately three hundred (300) acres, filed a Petition for Reorganization under Chapter 11 of the Bankruptcy Code on January 21, 1980. On February 18, 1981, they filed a Plan of Reorganization ('Plan') which was approved by the bankruptcy court on February 9, 1982. The Plan called for a private listing of the debtors' property for ninety (90) days and, if the private sale was unsuccessful, a public auction within thirty (30) to forty (40) days thereafter. The auctioneer and the terms and conditions of the sale were to be chosen by the debtors.
 
 
 3
 On December 2, 1982, defendant First Farmer's Bank and Trust Company, a secured creditor, filed a motion to dismiss the case for failure of the debtors to effectuate substantial consummation of the Plan or, in the alternative, to enter an order setting forth terms for selling the debtors' property pursuant to the Plan. The bankruptcy court denied the motion to dismiss on March 23, 1983, over thirteen (13) months after the court had originally approved the Plan. Instead, the court appointed defendant Swinebroad and Denton Auctioneers to sell the property and established May 28, 1983, as the sale date. The debtors did not object to this order.
 
 
 4
 The sale was conducted as ordered on May 28, 1983, and the total proceeds brought approximately Four Hundred Eighteen Thousand Dollars ($418,000.00), an amount in excess of the debtors' estimate of the value of the property. On June 13, 1983, a 'Report of Sale and Application for Approval of Contracts' prepared by the debtors' attorney was filed, which provided that the contracts 'are approved by [the] court unless objection is received within 10 days' from the receipt of the report. Almost one month later, on July 8, 1983, the debtors moved to substitute counsel and to permit an untimely filing of objections to the sale. On July 22, 1983, the debtors filed a motion to set aside the sale or alternatively to establish a right of redemption.
 
 
 5
 On August 22, 1983, the bankruptcy court conducted a hearing on the motions, held that the interests of the debtors and the estate were conflicting, and allowed the debtors to substitute one attorney as their individual counsel. The court denied the motion to permit the filing of out-of-time objections to the sale as well as the motion to establish a right of redemption. The court found that the sale had been well advertised and attended, appropriately conducted and further noted that the proceeds were in excess of the value listed for the property.
 
 
 6
 On September 1, 1983, the debtors filed a notice of appeal to the district court. However, the debtors neither requested nor obtained from the district court a stay of the sale pending the appeal. In September and October of 1983, the purchasers and the estate closed the sale; the proceeds were disbursed and titles to the real property and farm equipment were transferred to the purchasers.
 
 
 7
 On July 5, 1984, the district court vacated the sale, ordered that the parties be returned to their original positions and remanded the matter to the bankruptcy court. Following motions for reconsideration, however, the district court reversed itself and held that all objections to defects in the sale had been waived and any appeal rendered moot by the failure of the debtors to obtain a stay.
 
 II.
 
 8
 The Bankruptcy Code in effect at all relevant times, 11 U.S.C. Sec. 363(m), provides that the reversal or modification of an authorization of a sale of property does not affect the validity of such a sale to an entity that purchased the property in good faith, whether or not such entity knew of the pendency of the appeal, 'unless such authorization and such sale were stayed pending the appeal.' (emphasis supplied).[1]
 
 
 9
 Faced with this adverse authority, the debtors argue that the bankruptcy court was without jurisdiction to enter the order directing the sale, that the order is therefore void and thus there was nothing to stay.[2] This argument is based on the debtor's contention that the bankruptcy court's order modified their Plan in that the Plan provided that the debtors would choose the auctioneer, that the debtors would be permitted to divide the land into parcels and that the farm equipment would be sold only if the sale of the real property generated insufficient money to pay the creditors. As the debtors point out, the court's order selected the auctioneer, gave the auctioneer the discretion to divide the land into parcels and did not require the farm equipment to be sold last. The debtors argue that 11 U.S.C. Sec. 1127(b) and the legislative history of the section make it clear that only the proponent may modify such a plan, and, therefore, the court was without jurisdiction to so modify their voluntary Chapter 11 Plan on motion of a creditor. The debtors assert that the court's only alternative if it was impatient with the debtors in failing to effectuate the Plan was to dismiss the case and leave them to their fate in state court. The debtors also argue that the effect of the court's order was to convert the bankruptcy proceeding from a voluntary Chapter 11 to an involuntary Chapter 7 in violation of 11 U.S.C. Sec. 1112(c).
 
 
 10
 We need not address these arguments, however, because this action is moot by reason of the debtors' failure to obtain a stay which allowed the transfer of the property to third parties to become final. The debtors' objections to the bankruptcy court's order and the subsequent sale, if valid, at most demonstrate error by the court, and error does not render the court's order void for lack of jurisdiction. If any error was committed by the bankruptcy court in the exercise of its authority over the debtors' petition for reorganization, the remedy lies with an appeal and a stay of the sale pending appeal. The clear intent of Congress in cases such as this is to protect the interest of bona fide purchasers. Thus, where a debtor fails to obtain a stay pending appeal and the sale is closed before the court rules, the appeal is moot. See In re Vetter Corporation, 724 F.2d 52, 54-56 (7th Cir. 1983); In re Exennium, Inc., 715 F.2d 1401, 1403-04 (9th Cir. 1983).
 
 III.
 
 11
 Accordingly the decision of the district court is AFFIRMED.
 
 
 
 [1]
 11 U.S.C. Sec. 363(m) provides:
 The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 
 
 [2]
 The debtors have not argued that the purchasers acted in bad faith. To demonstrate lack of good faith, a debtor would have to prove fraud or collusion between the purchasers and the trustee in bankruptcy or the other bidders. See In re Vetter Corporation, 724 F.2d 52, 56 (7th Cir. 1983); In re Exennium, Inc., 715 F.2d 1401, 1404-05 (9th Cir. 1983). It would be very difficult to prove fraud in this case because the land sold for more than either the 'upset price' or the value placed on the land by the debtors